UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 02-80555-CIV-LENARD/TORRES

KENNETH EGGLESTON,

    Plaintiff,

v.

RIC BRADSHAW, in his official
capacity, et. al.,

    Defendant.
_____/

**ORDER GRANTING IN PART DEFENDANT'S
VERIFIED MOTION FOR TAXATION OF COSTS**

This matter comes before the Court on the Defendant's Verified Motion for Taxation of Costs [D.E. 285], Plaintiff's Response thereto [D.E. 301] and Defendant's Reply to the response [D.E. 305]. This matter is before the undersigned Magistrate Judge pursuant to an order of reference from Honorable Joan A. Lenard [D.E. 286; Admin Order 2006-18].

### *I.  BACKGROUND*

In June 2002, Plaintiff, Kenneth Eggleston ("Eggleston"), filed a complaint in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida against the Defendants Ric Bradshaw ("Bradshaw") in his official capacity as Sheriff of Palm Beach County, and Ed Bieluch ("Bieluch") individually [D.E. 1]. Eggleston's Complaint was filed pursuant to Title 42, United States Code, section 1983, alleging that Defendants violated (1) his equal protection rights by treating him differently than other employees who participated in partisan political events; (2) his due process rights in conducting an internal investigation and subsequently terminating his employment; and

(3) his First Amendment rights during his campaign for Congress. Bieluch moved to dismiss all three claims for failure to state a claim under Fed. R. Civ. P. 12(b)(6), and the district court denied his motion in its entirety [D.E. 158 at 2]. Following an interlocutory appeal, the Court of Appeals for the Eleventh Circuit issued its mandate on May 10, 2004, in which it affirmed the district court's denial of Bieluch's motion to dismiss as to Eggleston's equal protection claim against him in his individual capacity, and reversed the district court's denial as to all other claims against Bieluch in his individual capacity [D.E. 158, 18].

On May 26, 2005, Defendants then filed a Motion for Summary Judgment [D.E. 194, 197] and Plaintiff filed a Motion for Partial Summary Judgment on June 21, 2005 [D.E. 214]. Judge Lenard granted Defendants' Motion for Summary Judgment and denied Plaintiff's Motion for Partial Summary Judgment on October 6, 2005, finding that (1) as to his equal protection claim, Eggleston could not demonstrate that he violated no public policy or rule, but was subjected to harsher treatment than other employees who were accused of criminal or immoral behavior; (2) even assuming that Eggleston's termination was related to his speech, this claim failed because his termination did not offend the First Amendment; and (3) pursuant to the ruling of the Court of Appeals for the Eleventh Circuit, Count Two of Plaintiff's Complaint was dismissed in its entirety [D.E. 283].

Defendant Ric Bradshaw, as the prevailing party, filed a Verified Motion for Taxation of Costs [D.E. 285] on November 7, 2005 pursuant to Fed. R. Civ. P. 54(d). This matter was stayed pending Plaintiff's appeal from Judge Lenard's summary judgment ruling. That appeal proved to be unsuccessful, as the Eleventh Circuit Court of Appeals affirmed summary judgment in Defendant's favor. The pending Verified Motion for Taxation of Costs is thus now ripe for consideration [D.E. 284, 287, 295]. Defendant

requests an award of $17,293.17[1] in taxable costs for those items specifically set out in 28 U.S.C. § 1920, and submitted a list of costs as Exhibit A to his verified motion [D.E. 285].

## II. ANALYSIS

Defendant seeks to recover a total of $17,293.17 in costs pursuant to 28 U.S.C. § 1920. Section 1920 lists the following items, in relevant part, that may be taxed as costs to the prevailing party in a federal action:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case.

Although Plaintiff does not dispute that Defendant is ordinarily entitled to taxable costs, Plaintiff asks the Court to deny recovery for most of the costs requested in the motion, other than the cost of transcripts of Eggleston and Bieluch (excluding mini transcripts, disks, and video-taping) and the interlocutory appeal filing fee. Additionally, Plaintiff asks the Court to exercise its discretion to minimize the amount of costs awarded because Plaintiff is an individual of limited means in exercising its discretion.  We will address each of these categories separately.

---

[1] The Defendant originally asked for an award of $17,711.67 in costs but Defendant's counsel later realized he had inadvertently included costs for the hearing transcripts in a case before Judge Crow in the Fifteenth Judicial Circuit, and agreed that these charges are not recoverable.  *See* Def. Reply at 3.

### A.     *Discretion to Award Costs*

Plaintiff argues that the Palm Beach County Sheriff's Office is a public agency that underwent no "hardship" in incurring these costs, while Plaintiff is an individual of limited means, and thus would be more severely prejudiced if required to pay costs to which Defendant is not strictly entitled.  *See* Pl.'s Resp. at 2, ¶ 5.  However, Plaintiff overlooks the fact that he chose to be a litigant, thus voluntarily choosing to seek the benefits of litigation, which naturally carries with it the risk of incurring costs of litigation. A lawsuit always carries with it the risk of loss and payment of the prevailing party's attorney's fees or costs.  These are material factors a litigant must always weigh when deciding whether to file a lawsuit.  In some cases, the risks of incurring such costs are outweighed by the need to remedy an injustice or injury through the litigation system. Plaintiff here obviously believed that he was wrongly injured and that pursuing a litigation remedy was worth that risk.

Considering the length of time this dispute has been pending in this court, as well as the fact that the parties were required to attend mediation on two occasions, it seems that Plaintiff had several opportunities to settle this matter.   A settlement would have garnered some, though probably not all, of what Plaintiff was looking for, while at the same time eliminating the concurrent risk that Plaintiff may ultimately fail in the litigation and be financially responsible for Defendant's costs.  Again, however, Plaintiff weighed those considerations and opted to continue to pursue the litigation.

Now, having failed to settle the case voluntarily, and having failed to succeed under the law and the facts of the case, Plaintiff must face up to the responsibilities that he assumed when he first filed this action.  To say that Plaintiff should be exempt from the application of the law under the circumstances cuts against the very principle that

4

Plaintiff's lawsuit was operating under – equal and fair treatment of all persons under the law. Plaintiff is not exempt from that principle, either because of his financial condition or the sympathy the Court may have for his position as a Plaintiff up against a large public agency.

The Court also chooses not to exercise its discretion to exempt Plaintiff from the operation of law because section 1920 already reflects Congress's public policy judgment as to what, if any, costs an unsuccessful litigant should have to bear. The democratic institutions of government have taken into account factors such as financial ability to pay for costs, as well as the reasonableness and necessity of certain costs, at arriving at a discrete list of costs that are generally taxable in any federal court case. Section 1920 is the product of that work. A federal court has an obligation to respect those policy judgments and neutrally apply the statute where it is required.

Finally, Plaintiff's argument that costs should not be awarded because a public agency faced no hardship from the litigation is utterly meritless. Every lawsuit carries with it resulting hardship to all parties involved. A public agency is not immune from that hardship, and the taxpayers who fund that agency would clearly disagree that litigation costs they help to fund do not pose some hardship on them as taxpayers. Indeed, the taxable costs that may be awarded in this Order are but a fraction of the real monetary cost that this litigation has cost the Defendant. That is not a basis for the Court to increase the amount of costs beyond those provided under the law; but at the same time it fully supports the Court's decision to apply the statute to its fullest extent as against this or any other litigant who chooses to pursue litigation in federal court.

### B.     *Calculation of Taxable Costs under Section 1920*

#### *1.  Transcript Costs*

Taxation of deposition costs is authorized by § 1920(2) only if the depositions were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *United States Equal Employment Opportunity Comm'n v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000). Although § 1920(2) does not explicitly mention a deposition, depositions are included by implication in the phrase "stenographic transcript." *Id.* at 620 (quoting *United States v. Kolesar*, 313 F.2d 835, 837-38 (5th Cir. 1963)). Defendant, as the prevailing party, must provide the Court sufficient information to demonstrate that the costs it seeks to recover are authorized by § 1920 and were reasonable or necessarily incurred. Defendant is seeking $9,905.60 in court reporter fees, and has attached an itemized list as Exhibit A that lists the costs of obtaining the various deposition transcripts, along with each corresponding invoice as Exhibit B.

Specifically, Defendant seeks recovery of costs for the depositions of Kenneth Eggleston, Tony Araujo, Bruce Barkdoll, Michael Mills, Bruce Frumoff, Anne Burke, William Tremer, Ed Bieluch, Mark Foley, Linda Hennessee, Jackie Eggleston, Al Musco, Tom Derita, Michael Chidester, M.D., and Brian Benjamin, stating without elaboration that all were necessary for trial preparation. *See* Def. Mot. at 3. Plaintiff objects to awarding costs to Defendant for all but the deposition and affidavit testimony of Bieluch and Eggleston, as summary judgment was granted solely on the basis of the testimony of those two people.

The Eleventh Circuit Court of Appeals has upheld taxation of a deposition transcript where the losing party listed the deponent on its witness list, even if that witness was never used. *EEOC*, 213 F.3d at 621. Taxing such a cost is reasonable

because the listing of such a witness indicates that the opposing party may need the transcript to cross-examine the witness, and that the information that person might have relative to the suit was not so irrelevant or so unimportant that the deposition was outside the bound of discovery. *Id.* In this case, all of the deponents listed in Exhibit B were listed on Plaintiff's Initial and/or Amended Trial Witness List [D.E. 59, 76]. Moreover, all, with the exception of one deponent, had an asterisk by their names, indicating that they "are very likely to be called." [D.E. 76].

However, included in Defendant's invoices are costs for shipping, handling and delivery charges. These expenses appear to be for the convenience of counsel, and are not recoverable under § 1920. *E.g., University of Miami v. Intuitive Surgical Inc.*, 2007 WL 781912, at *1 (S.D. Fla. March 13, 2007).

Plaintiff further objects to the award of ASCII disks, mini-transcripts and videotape expenses. In its Reply, Defendant asserts that these expenses were necessarily obtained for use in the case and not for the convenience of counsel. However, this Court has previously held that costs associated with mini-transcripts and ASCII disks are not recoverable. *See Johnson v. Communication Supply Corp.*, 2006 WL 3709620, at *2 (S.D. Fla. Dec. 14, 2006). This is consistent with the weight of authority regarding this issue.

On the other hand, the Eleventh Circuit has upheld an award of costs for video depositions under § 1920. *Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 464 (11th Cir. 1996). Reading Fed. R. Civ. P. 30(b)(2) and (3) together, the Court held that as long as the party choosing the method of recording the testimony notices the other parties, and the other parties fail to raise a timely objection to the method of recordation pursuant to Fed. R. Civ. P. 26, awarding the costs of conducting the videotaped deposition is appropriate. *Id.* at 646-45.

Next, we must determine whether copies of these videotapes were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Defendant seeks reimbursement for the videotape deposition of Anne Burke. This deposition was noticed by Plaintiff and Burke was listed on Plaintiff's witness list, designated with an asterisk, *supra* [D.E. 55, 178]. However, Defendant seeks reimbursement for three videotape copies titled "Case: Eggleston vs. S.O." but does not explain what these copies were for or how they reasonably related to this particular case. This court can only conclude from the lack of description that the extra tapes were for the convenience of counsel. Therefore, we find adequate support in the record for taxation of video copying costs for only Burke's deposition.

### *2. Mediation*

Plaintiff objects to the payment of costs incurred for mediation. Plaintiff correctly points out that neither Fed. R. Civ. P. 54 nor 28 U.S.C. § 1920 call for recovery of mediation expenses. Although Defendant cites to a case in which a party was awarded costs for court-ordered mediation, the Court's reading of the plain language of the cost statute shows that mediation or other ADR costs are not recoverable. Moreover, that conclusion has been routinely followed in this District. *See, e.g., Smith v. Reliance Standard Life Ins. Co.*, 2004 WL 2980683 (S.D. Fla. Nov. 10, 2004). Accordingly, Defendant's request for mediation costs will be rejected.

### *3. Witness Fees*

Defendant seeks reimbursement for the $300 it paid to Dr. Michael Chidester as a witness fee. Defendant contends that the $300 fee was required for the doctor to attend deposition. Plaintiff objects, stating that this amount is excessive, as Defendant could have issued Dr. Chidester a subpoena rather than paying $300 to ensure his attendance.

8

Pursuant to 28 U.S.C. § 1920(3), the court may tax costs for "fees and disbursement of . . . witnesses." Statutory witness fees are set forth in 28 U.S.C § 1821. Under § 1821, a witness shall be paid, *inter alia*, a $40 per day attendance fee at either trial or a deposition, travel expense, a mileage allowance, and a subsistence fee.[1] It is clear that the operation of section 1920(3) goes hand in hand with section 1821. Only those costs are awardable, notwithstanding whatever fees a particular witness may charge.

Therefore, Defendant's argument for to the contrary is unavailing. Defendant is only entitled to the $40 witness fee for the testimony of Dr. Chidester.

### 4. *Copying Costs*

Defendant then seeks to recover $1,563.29 in outside copying costs and $3,352.70 for inside copying costs, and has attached receipts and invoices supporting his claim. Plaintiff objects to these costs, claiming that Defendant failed to properly itemize those copying charges that were "necessarily obtained for use of the case and those that were for their own convenience." *See* Pl.'s Resp. at 5.

Copying costs are recoverable under § 1920(4) only if the "prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *EEOC*, 213 F.3d at 623. Defendant's receipts for outside copying costs does not contain even a shallow description of the items copied. As such, the Court lacks sufficient information to differentiate between costs that were necessarily obtained for use in the case and those that were merely for the convenience of counsel. Moreover, Defendant offers no

---

[1] Specifically, section 1821(b) states that "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance."

reasonable explanation for why copies were sent to an outside copy center when Defendant obviously has the means to make in-house copies. That may of course be reasonable or even more cost effective in a given case, but the record reveals no factual explanation supporting that amount. Nor does Defendant offer an explanation as to why the outside invoices lack sufficient descriptions, while a detailed copy log was kept for the inside copies. Consequently, the Court will not award Defendant the $1,563.29 requested for outside copying costs.

However, Exhibit E includes a breakdown of the inside copying costs Defendant incurred each month throughout the course of litigation. Upon reviewing this log, the Court finds that these copies were reasonably necessary for use in this case and for the maintenance of the action. Therefore, this Court shall award Defendant $3,352.70 for inside copying costs.

### III.  CONCLUSION

Defendant is the prevailing party in this matter. As such, Defendant is entitled to reimbursement for those costs specifically set forth in 28 U.S.C. § 1920. The Court hereby awards Defendant $8,823.07 in costs associated with depositions, $40 for the witness fee for Dr. Chidester, $3,352.70 for inside copying costs, and $105.00 for the filing fee, for a total award of **$12,320.77**. As discussed previously, the Court is denying Defendant's request for costs associated with mini-transcripts, ASCII disks, mediation, and outside copying costs.

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

Defendant's Verified Motion for Taxation of Costs is **GRANTED in PART and DENIED in PART**.  The Court shall award Bradshaw a total of **$12,320.77** in taxable costs under 28 U.S.C. § 1920.  The Court will require that payment be made within twenty (20) days of this Order, unless any party seeks to appeal this Order within ten days pursuant to S.D. Fla. Mag. J. R. 4, in which case the time for compliance with this Order is stayed.  If no appeal is filed, but payment is not made within twenty days, Defendant shall then file a Rule 58 Motion for Entry of Cost Judgment in accordance with this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of June, 2007.

_____
EDWIN G. TORRES
United States Magistrate Judge

Copies provided to:
All Counsel of Record